

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,107

### EX PARTE VAUGHN DUWAYNE HARMAN, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 756282 IN THE 208TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a building with intent to commit theft and was sentenced to twelve years' imprisonment. He did not appeal.

Applicant contends, *inter alia*, that he is being denied street time credit to which he is entitled. Applicant alleges he was erroneously released from the Texas Department of Criminal Justice (TDCJ) and was on mandatory supervision for approximately ten days, when the parole

division realized its mistake and issued a warrant for his arrest due to their erroneous release. According to an affidavit provided by TDCJ's Classification and Records Division, with respect to the time he was erroneously released, applicant is being "charged for out of custody pursuant to *Ex parte Hale*.[1]" We recently rejected this interpretation of *Hale* in *Ex parte Rowe*.[2] There is no evidence in the habeas record that, during the time he was erroneously released, applicant violated any conditions that would have been placed on him had he been properly released on mandatory supervision for the sentence. Neither TDCJ nor the State makes any such allegations.

We find, therefore, that applicant is entitled to jail time credit for the time from the date he was erroneously released to mandatory supervision until the date he was returned to the custody of the Texas Department of Criminal Justice. Applicant's remaining grounds for relief are denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: MARCH 11, 2009
Do not publish

---

[1] 117 S.W.3d 866 (Tex. Crim. App. 2003).

[2] *Ex parte Rowe*, ___ S.W.3d ___ (Tex. Crim. App., No. AP-76,088, delivered Feb. 4, 2009).